11-4762-cr
United States v. Reid

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of November, two thousand twelve.

PRESENT:  JON O. NEWMAN,
              REENA RAGGI,
              GERARD E. LYNCH,
                  *Circuit Judges*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
                  *Appellee*,

              v.                                          No. 11-4762-cr

AUDREY REID,
                  *Defendant-Appellant*.

-----------------------------------------------------------------------

FOR APPELLANT:      Georgia J. Hinde, Esq., New York, New York.

FOR APPELLEE:       Kristy J. Greenberg, Brent S. Wible, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 9, 2011 is AFFIRMED.

Defendant Audrey Reid stands convicted on a guilty plea of illegally reentering the United States, without permission, after having been deported following a conviction for the commission of an aggravated felony. See 8 U.S.C. § 1326(a), (b)(2). On appeal, Reid challenges the reasonableness of her 60-month prison term, a variance from her undisputed Guidelines range of 77 to 96 months' imprisonment. In reviewing Reid's sentence "under a 'deferential abuse-of-discretion standard,'" United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)), we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Procedural Reasonableness

Reid submits that her sentence is unreasonable because the sentencing record does not indicate whether the district court considered two mitigating factors: (1) that her criminal history category of VI purportedly over-represents the seriousness of her six prior felony convictions, see U.S.S.G. § 4A1.3(b); and (2) extraordinary family circumstances, see U.S.S.G. § 5H1.6. Even assuming that Reid adequately presented these grounds for sentencing consideration to the district court, we identify no procedural error. Nothing in the record either indicates that the district court misapprehended the scope of its sentencing discretion after United States v. Booker, 543 U.S. 220, 261–62 (2005), or defeats the "strong presumption" that the district court exercised its discretion based on an assessment of the totality of the 18 U.S.C. § 3553(a) factors, United States v. Fernandez, 443 F.3d 19, 33 (2d

2

Cir. 2006) (holding presumption not defeated by "absence of explicit discussion" of defendant's specific arguments). The district court stated that it took into account "the arguments made by defense counsel and all other materials before [it]." Sentencing Tr. 12. In these circumstances, we lack jurisdiction to review its determination not to depart further from the Guidelines range. See, e.g., United States v. Valdez, 426 F.3d 178, 184 (2d Cir. 2005) ("[A] refusal to downwardly depart is generally not appealable, [except] when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal."); accord United States v. Ogman, 535 F.3d 108, 111 (2d Cir. 2008).

2.      Substantive Reasonableness

Insofar as Reid might be understood to argue that the failure to assign more weight to the two noted mitigating factors rendered her 60-month sentence substantively unreasonable, the contention fails on the merits. The weight afforded to sentencing factors "is a matter firmly committed to the discretion of the sentencing judge" and is beyond appellate review as long as the sentence imposed is otherwise reasonable. United States v. Fernandez, 443 F.3d at 32.

The below-Guidelines sentence in this case is not so severe that it "cannot be located within the range of permissible decisions" available to the district court. United States v. Cavera, 550 F.3d at 189; see United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008). No different conclusion is warranted because Reid did not receive further downward adjustment pursuant to a "fast-track" program. See United States v. Mejia, 461 F.3d 158, 164 (2d Cir. 2006); United States v. Hendry, 522 F.3d 239, 240–41 (2d Cir. 2008).

3

Having identified no merit in Reid's reasonableness challenges to her sentence for illegal reentry, the district court's judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court